**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARINA ROCHES,<br>　　　　　Plaintiff,<br>　v.<br>COUNTY OF SANTA CLARA, et al.,<br>　　　　　Defendants. | Case No. 17-cv-06077-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 16] |

Before the Court is Defendant County of Santa Clara's administrative motion to file under seal portions of its request for judicial notice in support of Defendants' motion to dismiss the Complaint. *See* ECF 16. The time for Plaintiff to oppose has passed and she has not filed an opposition. For the reasons stated below, the motion to seal is GRANTED.

**I.　LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its

1 records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed Defendant's sealing motion and the declaration of Bryan K. Anderson in support thereof. *See* ECF 16, 16-1. Because the sealing motion relates to Defendants' motion to dismiss the Complaint, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *See Towers v. Iger*, No. 15-CV-04609, 2016 WL 7211142, at *2 (N.D. Cal. Dec. 13, 2016). The Court finds that Defendant has articulated compelling reasons to seal the portions sought to be sealed, and the proposed redactions are also narrowly tailored.

According to the declaration, the documents redact only the last four digits of the identification number for Plaintiff Marina Roches and the birth year of Walter Roches. Anderson Decl., ECF 16-1 ¶¶ 3-4. Because these documents contain Plaintiff and her son's confidential personal information, they are appropriately sealable. *See, e.g.*, *Seals v. Mitchell*, No. 04-3764-NJV, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011). The proposed redactions submitted by Defendant are also narrowly tailored in that they redact only a few numbers that are not necessary in order for the Court and the public to understand the nature of the documents.

2

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 16 is GRANTED. The redacted version of Exhibits 1 and 2 filed into the public record by Defendant in connection with their request for judicial notice (ECF 14-1) is consistent with this order, so no further documents need to be filed.

Dated: November 29, 2017

_____
BETH LABSON FREEMAN
United States District Judge