**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARINA ROCHES, individually and as heir to WALTER ROCHES, deceased, and the ESTATE OF WALTER ROCHES,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 17-cv-06077-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 13] |

Plaintiff Marina Roches ("Roches") brings this survival action pursuant to 42 U.S.C. § 1983 to recover for the pre-death pain and suffering of her son, Walter Roches, who died in jail in Santa Clara County on September 28, 2015. *See* ECF 1 ("Compl."), ¶¶ 85-86. Roches asserts eight causes of action under § 1983 against the County of Santa Clara and twelve correctional officers (collectively, "Defendants") for their alleged involvement in Walter's death. *See generally* Compl.

Before the Court is Defendants' motion to dismiss the Complaint on the grounds that all eight of the causes of action are barred by the two-year statute of limitations applicable to § 1983 claims. *See* ECF 13 ("Mot."). The Court held a hearing on Defendants' motion to dismiss on February 15, 2018. For the reasons that follow, as well as those stated on the record at the hearing, Defendants' motion to dismiss the Complaint is GRANTED WITH LEAVE TO AMEND.

**I.  BACKGROUND**[1]

On September 21, 2015, 32-year-old Walter Roches was a detainee in Santa Clara County jail facing misdemeanor charges. Compl. ¶¶ 19-21. At that time, he was in the "midst of a mental health crisis" and was placed on mental health checks at fifteen minute intervals. *Id.* ¶¶ 21-23. When Walter refused to come to the tray slot of his cell to be handcuffed so that he could be moved to an observation cell, deputies on the scene sprayed Walter in the face with chemical agents multiple times, sprayed a room-clearing agent into the cell, and then shot him repeatedly from six feet away with a riot gun. *Id.* ¶¶ 25-68. While Walter was in a catatonic state, five deputies crammed into his cell, "dog piled" on top of him, and escorted him to the basement while unnecessarily busting up his nose and lip and pressing a large shield into his face. *Id.* ¶¶ 71-77.

A few days later, on September 28, 2015, Walter was supposed to be in court at 1:30 p.m. but deputies made a "man down" report that Walter was unresponsive in his cell at 12:37 p.m. *Id.* ¶ 85. Walter was pronounced dead at 1:04 p.m. on September 28, 2015. *Id.* ¶ 86. An autopsy revealed the cause of death as sepsis from an untreated urinary tract infection as well as untreated mental illness, and detailed Walter's injuries resulting from the defendant deputies' use of force that "may have heightened and accelerated an already delirious state." *Id.* ¶¶ 87-89.

Roches was notified of Walter's death on September 30, 2015, when Walter's great-aunt called Walter's grandmother in El Salvador to tell her that Walter was dead. *Id.* ¶ 101. Roches and her mother—Walter's grandmother—both fainted when they heard the news. *Id.* They were disconnected from the great-aunt, and received no details regarding Walter's death and had no phone number to call her back. *Id.* Roches alleges that she has never owned a computer or used internet, email or Google. *Id.*

Walter's body arrived in El Salvador on November 6, 2015, having been shipped to Roches from a bay area funeral home, not from the County of Santa Clara itself. *Id.* ¶ 102. Roches alleges that she never removed Walter's clothing and had no indication that Walter was

---

[1] The following factual allegations from Roches' Complaint are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

2

injured prior to his death. Roches further alleges that it was not until October 4, 2017 that she learned that Walter was even in jail when he died. *Id*. ¶ 98. October 4, 2017 is also the date that Roches alleges she found out about the circumstances of Walter's death, including the use of force against him and medical neglect that occurred during the week leading up to his death. *Id*. ¶¶ 97-100. Roches filed the instant lawsuit against Defendants on October 24, 2017.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a statute-of-limitations assertion is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.; see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

**III. REQUEST FOR JUDICIAL NOTICE**

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of LA.*, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants request that the Court take judicial notice of two forms written in Spanish that are attributed to Roches, and several media publications concerning Walter's death. *See* ECF 14 ("RJN"). Roches objects to Defendants' request for judicial notice, arguing that these documents are unauthenticated, subject to reasonable dispute, and have no evidentiary value. *See* ECF 19 ("Opp'n") at 5-8. As stated at the hearing on February 15, 2018, the Court agrees with Roches that these documents are not authenticated public records, and finds that they are not proper subjects of judicial notice on a motion to dismiss. Defendants' request for judicial notice is DENIED. However, the Court takes judicial notice of the fact that there was significant publicity—at least in California—surrounding Walter's death.

**IV. DISCUSSION**

The parties agree that a two-year statute of limitations applies to Roches' § 1983 claims, but the dispute centers around when that limitations period began to run (i.e. when the claims accrued) and if the limitations period was subject to equitable tolling. Section 1983 does not have its own statute of limitations, rather, federal courts apply the statute of limitations for personal injury torts of the state in which the claim arises. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). California has a two-year statute of limitations for personal injury torts, which applies to this case. *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004) (holding that Cal. Civ. Proc. Code § 335.1 applies to Section 1983 claims arising in California).

The two-year statute of limitations period began to run on the date that Roches' claim

accrued. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999)). The parties agree that this "discovery accrual rule" applies, but dispute when Roches knew or had reason to know of her alleged injuries. Defendants argue that Roches' § 1983 claims related to Walter's death accrued no later than September 30, 2015, when she knew or had reason to know of her injury because she alleges that was the date she was notified that Walter had died. *See* Mot. at 8-9. According to Defendants, the statute of limitations period expired no later than September 30, 2017, and Roches' filing of this action on October 24, 2017 is therefore time barred. *Id.*

Roches argues that her claims against Defendants did not accrue, and thus the limitations period did not begin to run, until October 4, 2017. Opp'n at 3. This argument is based on Roches' allegations that she did not find out about the brutalization of her son, or that he was even in jail at the time of his death, until October 4, 2017. *See* Compl. ¶¶ 97-100. Roches further argues that she had no affirmative duty to diligently investigate her claims because all she knew on September 30, 2015 was that her son had died and she had "zero information" that would alert her to the alleged injuries. Opp'n at 9. Moreover, Roches did not receive her son's body until November 6, 2015, which would fall within the two-year statute of limitations period should her claim have accrued at that time. Compl. ¶ 102.

The Court finds that Roches has not adequately alleged reasonable diligence in the investigation of her claims such that the accrual date of her claims extends beyond September 30, 2015 pursuant to the delayed discovery rule. The Court is not persuaded by Roches' reliance on *U.S. v. Kubrick* and other hidden injury cases to support her contention that her claim did not accrue until she discovered the cause of Walter's death. 444 U.S. 111 (1979). In addressing a malpractice claim, the Supreme Court in *Kubrick* held that the plaintiff did not diligently pursue whether he had a claim for his injury, even though he had sought information regarding the cause of his injury. *Id.* at 123. Roches argues that this distinction between "ignorance of legal rights" and "ignorance of fact of injury" requires this Court to delay accrual of Roches' claims until the date she discovered the cause of Walter's death on October 4, 2017.

5

1 The Court agrees with Defendants that the secret injury cases that Roches relies on are inapposite to the circumstances here, where there are no allegations that Walter's death was hidden from Roches, and she does not allege that she exercised any diligence in investigating her claims once she was notified of Walter's death. In fact, under Roches' proposed accrual analysis, there would never be any limit on when § 1983 claims accrue, as a plaintiff could simply wait until he or she fortuitously learns of the circumstances surrounding their injury. The law presumes that it takes time to investigate ones claims, and in this context, has determined that two years is reasonable. Thus, in order for Roches' claims to fall within the two-year statute of limitations period, she must allege that she exercised diligence in investigating her claims to support delayed discovery, or she must allege that equitable tolling of the statute of limitations is warranted.

As pled, the Complaint contains no allegations of diligence as required for the discovery rule to delay accrual of her claim. The Court explained at the hearing that it grants Roches leave to amend her Complaint in order to allege reasonable diligence in investigating her claims once she became aware of Walter's death. *Dutro v. Cty. of Contra Costa*, No. 12-CV-02972 NC, 2013 WL 5444431, at \*4–5 (N.D. Cal. Sept. 30, 2013).

The Court also finds that the Complaint is deficient with respect to equitable tolling of the statute of limitations. The purpose of a statute of limitation is "to prevent assertion of stale claims against a defendant." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *See Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999). Under California law regarding tolling, which applies here to the extent that it is not inconsistent with federal law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999).

Roches argues that the Santa Clara County Sheriff's Office investigated the circumstances surrounding Walter's death immediately after he died, but "told exactly *nothing* to his family."

1  Opp'n at 10-11.  However, Roches does not allege that she gave timely notice to Defendants of

2  her *claim*.  For example, in the only case cited by Roches regarding tolling, *Daviton v.

3  Columbia/HCA Healthcare Corp.*, the Ninth Circuit held that equitable tolling applied when the

4  plaintiff filed an administrative complaint that timely provided notice of her claim to the

5  defendants during the statute of limitations period.  241 F.3d 1131 (9th Cir. 2001).  In contrast,

6  there is no allegation in the Complaint that Defendants had notice of Roches' claim before the

7  statute of limitations period ran.  Moreover, Roches does not allege her own reasonable or good

8  faith conduct in waiting to file this lawsuit to warrant equitable tolling of the limitations period.

9        For the foregoing reasons, as well as those stated on the record at the hearing on February

10 15, 2018, Defendants' motion to dismiss the Complaint is GRANTED.  Because leave to amend

11 should be freely given when justice so requires, and a motion to dismiss based on the statute of

12 limitations defense should be granted "only if the assertions of the complaint, read with the

13 required liberality, would not permit the plaintiff to prove that the statute was tolled," the Court

14 grants Roches LEAVE TO AMEND to allege facts related to diligence and equitable tolling.

15 *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).

16       Roches may file the amended complaint **on or before March 27, 2018**.  Failure to meet

17 the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order

18 will result in the dismissal of Roches' claims with prejudice.

20      **IT IS SO ORDERED.**

22 Dated: February 15, 2018

23 _____
BETH LABSON FREEMAN
24 United States District Judge