1  ROBERT R. POWELL (S.B. # 159747)
   SARAH E. MARINHO (S.B. # 293690)
2  POWELL & ASSOCIATES
   925 West Hedding Street
3  San Jose, California 95126
   Telephone: (408) 553-0201
4  Facsimile: (408) 553-0203

5  Attorneys for Plaintiffs

6  JAMES R. WILLIAMS, County Counsel (S.B. #271253)
   BRYAN K. ANDERSON, Deputy County Counsel (S.B. #170666)
7  G. ALLEN BRANDT, Deputy County Counsel (S.B. #264935)
   OFFICE OF THE COUNTY COUNSEL
8  70 West Hedding Street, East Wing, Ninth Floor
   San Jose, California  95110-1770
9  Telephone: (408) 299-5900
   Facsimile:  (408) 292-7240

   Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA ROCHES, individually and as heir to WALTER ROCHES, deceased, and the ESTATE OF WALTER ROCHES,<br><br>Plaintiff(s),<br><br>v.<br><br>COUNTY OF SANTA CLARA, JON QUIRO, EDWARD MEYERS, ADAM TORREZ, ALEXANDER MacDONALD, RYAN HERNANDEZ, ELMER WHEELER, THEODORE SHELTON, SHANE BOCANEGRA, JASON SATARIANO, ALBERTO LOAIZA, SEAN LOZADA, ARTURO PADILLA and DOES 1-100, inclusive,<br><br>Defendant(s). | No. 5:17-CV-06077-BLF (NMC)<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE INVOLVING ENTRY OF PROTECTIVE ORDER**<br><br>Issue: Whether the Court's model stipulated protective order should be modified to delete Plaintiffs' counsel's obligation to destroy confidential material once the litigation has ended.<br><br>Joint Meeting Details: October 16, 2018<br>Fact Discovery Cutoff: April 1, 2019 |

## I. INTRODUCTION TO DISPUTE

The parties agree that a stipulated protective order is appropriate to protect confidential documents sought by Plaintiffs. However, Plaintiffs' counsel wants to modify the Court's model protective order so that they can retain documents produced in this litigation for use in current and future litigation against the County. Defendants want to enter the standard model protective order. The parties each have a version of the model protective order that they separately propose, which are available to the court upon request.

## II. FACTUAL BACKGROUND

Plaintiffs are Marina Roches and the estate of Walter Roches. Plaintiffs allege that on September 21, 2015, correctional officers in the County's Main Jail used excessive force on Mr. Roches. Plaintiffs further allege that Mr. Roches was not provided prompt and adequate medical care. Mr. Roches died in custody on September 28, 2015. Defendants dispute Plaintiffs' allegations of excessive force and failure to provide medical care.

## III. DISCOVERY DISPUTE

### A. Plaintiff's Description of the Dispute and Proposed Compromise

Plaintiffs' counsel requests that the court enter a protective order using the standard CAND language, but first delete clause 13 entitled Final Disposition, which requires Receiving Party to destroy all protected material after resolution of the case. Plaintiffs' counsel wishes to not have to destroy all protected material received in cases against the County involving the Sheriff's Office, when months later the same documents will be requested in another case involving the Sheriff's Office and counsel will wait months or, not uncommonly, over a year to receive those documents again. Often certain documents will be provided by one deputy county counsel, but in the next case in response to an identically worded RFPD, the document will not be produced (nor affirmatively withheld). 95% of the records counsel gets in these cases have been requested before in other cases and will be requested again in future cases, totaling in the tens of thousands of pages and hundreds of hours of billable time requesting, following up on, reviewing, indexing and printing.

Defendants are aware of how burdensome it is to respond to duplicative requests, as they themselves cited this hardship in many of their responses to Plaintiff's RFPD Set One, available for

the court upon request: "Defendant objects to producing or categorizing duplicative and overlapping documents pursuant to duplicative and overlapping requests on the grounds of undue burden, and on the grounds of lack of relevance of duplicative production."  County is also aware of spoliation issues with the Sheriff's Office in another case, who recently admitted to "losing" multiple videos related to excessive force allegations over a period of months, in an apparent "system changeover" gone wrong.  Plaintiffs' counsel is not persuaded that the destruction of evidence was so innocuous, but even if it was accidently destroyed, this is yet another reason for Plaintiffs' counsel to be able to maintain this protected material.

Additionally, Defendant's put forth a straw man, saying that Plaintiff is requesting to *use* protected material in *any* other case.  Plaintiffs do not want a blanket order that they can *use* the records in other cases.  They only want a blanket order that they don't have to *destroy* records after case resolves - that's it.  Whether the protected material can be used in another case against the County of Santa Clara involving its Sheriff's Office will be determined by the court in that case and subject to a protective order accordingly.  Plaintiffs are not asking that the records designated as confidential in this case be suddenly free of the protective order after resolution of the case; only that they not have to be purged from Plaintiff's counsels' files and obtained afresh each time (if the County sees fit to produce it in the first place).  County's argument that the records may not be relevant in the next case is unpersuasive.  This same argument could be made for records produced that are not designated confidential.

**B.     Defendant's Description of the Dispute and Proposed Compromise**

On August 30, 2018, Plaintiffs served their first set of requests for production of documents on the County.  Those requests sought several categories of sensitive documents, including restricted policies and procedures related to the operations of the jail and personnel files for several of the individual correctional officer defendants.  The County responded to those requests, asserted objections where appropriate, and produced several thousand pages of documents.[1]  However, a

---

[1] Counsel for Plaintiffs agreed to abide by the provisions of the standard protective order so that the County could produce documents while the dispute regarding specific language in the protective order was still pending.

2

dispute arose between the parties related to Plaintiffs' counsel's proposed additions to the Court's standard stipulated protective order. In particular, Plaintiffs' counsel want to add language that would allow them to retain documents produced subject to the protective order after this case is complete.

As an initial matter, the parties agree that a protective order here is appropriate. For example, the requested personnel files must remain confidential given the strong privacy interests of the correctional officers and the extensive protections afforded such documents under state law. *See, e.g., Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. Cal. 1995) (discovery related to police departments' internal investigations and evaluations should be produced subject to a "carefully crafted" protective order); *West v. Dizon,* No. 2:12-CV-1293 DAD, 2013 WL 5934409 at *3 (E.D. Cal. Nov. 5, 2013) (granting protective order; reasoning that protective orders are necessary given "California's regulatory designation of correctional officers' personnel files as 'confidential'"). The policies and procedures related to the operations of the jail are similarly sensitive and must remain confidential in order to protect institutional safety and security. *See, e.g., Hernandez v. Hernandez*, No. 1:13-CV-01625-MJS (PC), 2015 WL 4068778 at *4 (E.D. Cal. July 2, 2015) (granting protective order; noting importance of procedures relating to jail investigations to safety and security of the institution).

The County wishes to stipulate to the model protective order promulgated by the Court to protect this confidential information. Plaintiffs' counsel agree that most of the model protective order is acceptable but seek to delete language that obligates them to destroy the confidential material once the litigation has concluded. In fact, counsel for Plaintiffs want to retain the confidential information so that they can use it in future, unspecified litigation against the County. That request is contrary to the law.

In *Foltz v. State Farm Mut. Auto Insurance Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003), the Ninth Circuit addressed the standards that federal courts must apply when a collateral litigant seeks to modify a protective order to access materials produced in another case subject to a protective order. When a party wants to use discovery from one matter in the second collateral matter, that party must demonstrate to the court that issued the protective order the relevance and discoverability

of the protected discovery in the collateral proceedings. *Id.* A determination of the relevance depends on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceeding. *Id.* These protections are necessary because discovery in one action cannot be used to subvert limitations on discovery in other proceedings. *Id.* at 1134. Only then may the litigant in the collateral proceeding ask for the discoverability of the requested material to be ultimately resolved by the collateral court. *Id.* at 1133. District courts routinely apply these rules, and appellate courts will overturn any order that fails to explicitly implement them. *See, e.g., Thomas v. Cty. of Los Angeles,* 275 F. App'x 664, 668 (9th Cir. 2008) (vacating order that contained "no reference" to the *Foltz* rules and failed to apply them).

      Plaintiffs' counsel want to bypass these detailed, specific procedures so that they can use discovery from this case in <u>any</u> future litigation against the County. Their attempted shortcut around the normal rules of discovery is contrary to the above case law in that they have made no attempt to identify how documents produced subject to the protective order in this case are relevant in other cases. Indeed, Plaintiffs' counsel seek an order allowing them to never make that showing.

      Plaintiffs' request is also contrary to the Federal Rules of Civil Procedure, which provide that the scope of discovery is defined by the requirements of each individual case. Rule 26 states that discovery is limited to relevant information that is "proportional to the needs of the case." The court must strike a balance of relevance to proportionality based on the facts and claims specific to each individual action. It is impossible to strike this balance here because Plaintiffs' counsel failed to identify other actions where they intend to use material covered by the protective order in this action. Instead, Plaintiffs' counsel seek a blanket order allowing them to use documents covered by the protective order in this case in future, unspecified litigation. Such an order contradicts Rule 26.

      The standard model protective order is appropriate to enter here. The County respectfully requests that the Court deny Plaintiffs' counsel's request to keep confidential documents after this litigation has ended.

      Attestations: By signing below, counsel attest they have complied with the meet and confer requirements in the Honorable Nathanael Cousins' Civil Standing Order. I hereby attest that I have

on file the holograph signature indicated by a "conformed" signature (/s/) within this e-filed document.

Dated:  December 6, 2018                          Respectfully submitted,

                                                                By:  /s/Sarah E. Marinho
                                                                   SARAH E. MARINHO

Attorneys for Plaintiffs
MARINA ROCHES, individually and as heir to WALTER ROCHES, deceased, and the ESTATE OF WALTER ROCHES

Dated:  December 6, 2018                          Respectfully submitted,

JAMES R. WILLIAMS
COUNTY COUNSEL

                                                               By:  /s/G. Allen Brandt
                                                                   G. ALLEN BRANDT
                                                                   Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, JON QUIRO, EDWARD MEYERS, ADAM TORREZ, ALEXANDER MACDONALD, RYAN HERNANDEZ, ELMER WHEELER, THEODORE SHELTON, SHANE BOCANEGRA, JASON SATARIANO, ALBERTO LOAIZA, SEAN LOZADA, AND ARTURO PADILLA

1886169